T.C. Memo. 2017-241

UNITED STATES TAX COURT

CREDEX, INC., Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13736-12L.                    Filed December 5, 2017.

<u>Robert E. Kovacevich</u>, for petitioner.

<u>Fred Edward Green, Jr.</u>, and <u>Ric D. Hulshoff</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether respondent's Appeals officer abused his discretion in sustaining a levy notice regarding petitioner's Federal Insurance Contributions Act (FICA) tax liabilities relating to the periods ending March 31 and June 30, 1996; March 31, June 30, September 30, and December 31, 1997; June 30, September 30, and December 31, 1998; and March

**[*2]** 31, 1999 (periods in issue), and whether petitioner is entitled to challenge the underlying liability. The parties submitted this case fully stipulated pursuant to Rule 122.[1]

### Background

On February 12, 2008, respondent issued petitioner, a subchapter C corporation, a notice of determination of worker classification relating to the June 30, 1995, through March 31, 1999, tax periods.[2] In the notice respondent determined that Robert E. Kovacevich was petitioner's employee for Federal employment tax purposes and that petitioner was not entitled to relief pursuant to section 530 of the Revenue Act of 1978. On April 28, 2008, petitioner timely filed a petition with the Court relating to the notice of determination of worker classification. W. Mgmt., Inc. v. Commissioner, T.C. Dkt. No. 9745-08 (filed Apr. 28, 2008). The Court, on June 11, 2009, filed two stipulations of settled issues in which the parties resolved the issues raised in the notice of determination of worker classification and agreed that respondent would credit $195,708 to

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner's name was Western Management, Inc., when the notice was issued. Petitioner changed its name to Credex, Inc., sometime thereafter.

**[*3]** petitioner's 1995, 1996, 1997, 1998, and 1999 income tax withholding.[3] On August 25, 2009, the Court granted respondent's motion for entry of decision and entered a decision in accordance with the parties' stipulations. Shortly thereafter, petitioner appealed the Tax Court's decision to the U.S. Court of Appeals for the Ninth Circuit, and respondent assessed the taxes and additions to tax reflected in the decision. Respondent did not, however, take into account the $195,708 of stipulated income tax withholding.

As the parties awaited the Court of Appeals' ruling, respondent issued petitioner, on February 25, 2011, a levy notice relating to petitioner's FICA tax liabilities for the periods in issue. On March 15, 2011, petitioner filed a timely request for a collection due process (CDP) hearing in which it alleged, among other things, that respondent had failed to take into account the stipulated credits.

On June 20, 2011, the Court of Appeals affirmed the Tax Court's decision. W. Mgmt., Inc. v. Commissioner, 438 F. App'x 619 (9th Cir. 2011). In its opinion the court recounted respondent's assurance that "any credits due to * * * [petitioner] will be administratively applied to * * * [its] tax accounts after the [Tax Court's] [d]ecision becomes final." Id. at 621.

---

[3]Respondent agreed to credit $34,860 relating to 1995, $45,316 relating to 1996, $51,132 relating to 1997, $51,625 relating to 1998, and $12,775 relating to 1999.

**[\*4]** During petitioner's CDP Hearing, Appeals Officer Charles Duff failed to consider the stipulated credits. On May 7, 2012 (i.e., after the Tax Court's decision became final), he issued a notice of determination sustaining the levy notice. Petitioner, whose principal place of business was Spokane, Washington, timely filed a petition with the Court on May 30, 2012. The Court, on October 1, 2014, remanded petitioner's case to allow an Appeals officer's consideration of "any credits, specifically credits for income tax withholding, to which [p]etitioner may be entitled." Steve Lerner, the Appeals officer assigned to the remand, determined that petitioner was entitled to $195,708 of credits but applied only $125,084 to petitioner's accounts.[4] On April 16, 2015, Appeals Officer Lerner issued petitioner a supplemental notice of determination that again sustained the levy notice.

## Discussion

Petitioner had a prior opportunity to dispute his FICA taxes and thus cannot challenge the underlying liability. See sec. 6330(c)(2)(B); Baltic v. Commissioner, 129 T.C. 178, 183 (2007); sec. 301.6330-1(e)(3) Q&A-E2, Proced.

---

[4]Appeals Officer Lerner credited $11,620 to the March 31, 1996, period; $11,232 to each of the June 30, 1996, and March 31, 1997, periods; $13,300 to each of the June 30, September 30, and December 31, 1997, periods; and $12,775 to each of the June 30, September 30, and December 31, 1998, and March 31, 1999, periods.

**[*5]** & Admin. Regs. We must therefore ascertain whether Appeals Officer Lerner abused his discretion. See sec. 6330(c); Pough v. Commissioner, 135 T.C. 344, 351 (2010); Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Goza v. Commissioner, 114 T.C. 176, 182 (2000); Woodral v. Commisisoner, 112 T.C. 19, 23 (1999).

On remand Appeals Officer Lerner agreed petitioner was entitled to $195,708 of income tax withholding but inexplicably credited petitioner only $125,084. By not taking into account $70,624 (i.e., $195,708 less $125,084) of stipulated credits, he reneged on respondent's assurances to the Court of Appeals; failed to consider relevant issues relating to the unpaid tax; inappropriately balanced respondent's need for the efficient collection of taxes with petitioner's concern regarding the levy's intrusiveness; and contravened applicable law and administrative procedure (i.e., section 3402(d) and Internal Revenue Manual pt. 4.23.8.4.3 (Dec. 11, 2013)) requiring respondent to abate an employer's employment tax liability to the extent it is paid by an employee. See sec. 6330(c); Mescalero Apache Tribe v. Commissioner, 148 T.C. ___, ___ (slip op. at 2-3) (Apr. 5, 2017); Dixon v. Commissioner, 141 T.C. 173, 178-179 (2013); Freije v. Commissioner, 125 T.C. 14, 27-28 (2005) (stating that the Court can consider facts and issues relating to nondetermination years in evaluating a taxpayer's

[*6] claim that the liability has been paid).  The administrative record belies respondent's contention that Appeals Officer Lerner applied all of the stipulated credits to petitioner's accounts.  Because his determination lacked a sound basis in law and fact, Appeals Officer Lerner abused his discretion.  See Giamelli v. Commissioner, 129 T.C. at 111.  Accordingly, the levy notice is not sustained.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered for petitioner.